SHAFER v. AKERS.

5-3361                                           383 S. W. 2d 508

Opinion delivered November 9, 1964.

Charles W. Garner, for appellant.

Lightle & Tedder, for appellee.

GEORGE ROSE SMITH, J. In 1960 the appellants, the widow and heirs of R. E. Shafer brought this suit to quiet their title to several tracts of land in White county. By intervention the appellees, Lee and Fred Akers, asserted title by adverse possession to a very small part of the land—a parcel of about 1.9 acres. The chancellor sustained the appellees' contention and entered a decree quieting their title. The appellants insist that the decree is against the weight of the evidence.

That one or both of the appellees had actual possession of the disputed tract for some sixteen years before this suit was filed is practically an undisputed fact. The land lies on the bank of the White river and has been the site of a fishing and boating facility. Lee Akers bought the business, which was known as Freshwater Fish Company, from E. F. Brown in 1944. In about 1955 Fred Akers, Lee's brother, became a partner in the venture.

Lee testified that when he bought the Fish Company's business in 1944 he was unable to find out who owned the land. He says that he has claimed ownership of the land ever since he acquired the business. There is no doubt about the Fish Company's possession having been open and notorious. Its proprietors have main-

tained fishing docks and a houseboat at the edge of the water. On the land itself there have been cabins with electric lights, parking areas, a gasoline pump supplied from a buried storage tank, racks for drying nets, and equipment such as rental boats for commercial and sporting fishermen.

The appellees have not had record title to the land, but neither is there proof of record title in the appellants. They merely show that in 1952 R. E. Shafer, their predecessor in title, received from a cooperage company a deed to land that includes the 1.9 acres in question. The Shafers have paid the taxes every year upon the tracts they claim.

It is contended by the Shafers that the Fish Company's possession has been permissive. They say that for about sixteen years R. E. Shafer rented a 40-acre tract of pasture land that Lee Akers owned in the vicinity. After Shafer obtained his deed in 1952 he permitted Akers to occupy the river front property now in issue in return for Shafer's continued occupancy of the pasture land. Akers denies this testimony, asserting that he rented the pasture to Shafer in 1950 only, after a flood had compelled Shafer to seek more land for his mules.

In urging their contentions the parties rely upon oral testimony that is hopelessly in conflict. The Fish Company's actual occupancy of the property is consistent either with its own claim of adverse possession or with the Shafers' claim of a parol agreement for an exchange of possessory rights. It is of some significance, however, that Akers had controlled the property for eight years before 1952, when the Shafers say that his occupancy became merely permissive. The chancellor had the advantage of seeing and hearing the witnesses as they testified. Our review of the record does not convince us that his decision is against the preponderance of the evidence.

Affirmed.